# EXHIBIT A

10/17/2014 8:05:43 AM
Chris Daniel - District Clerk Harris County
Envelope No. 2862858
By: Sherryl Dewalt
Filed: 10/17/2014 8:05:43 AM

**2014-60519 / Court: 164**

CAUSE NO. _____

| | | |
|---|---|---|
| JUDITH DEEDS AND DAVID DEEDS | § § § | IN THE DISTRICT COURT OF |
| V. | § § | HARRIS COUNTY, TEXAS |
| WHIRPOOL CORPORATION AND SEARS ROEBUCK & COMPANY | § § § | _____ JUDICIAL DISTRICT |

### PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JUDITH DEEDS AND DAVID DEEDS, Plaintiffs herein, and files this Original Petition complaining of WHIRPOOL CORPORATION and SEARS ROEBUCK & COMPANY, Defendants herein, and would respectfully show unto the Court as follows:

#### I. DISCOVERY TRACK

1.1 In compliance with Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiffs aver that discovery be conducted pursuant to Level 3 and affirmatively pleads that this suit is not governed by the expedited actions process in the Texas Rule of Civil Procedure 169 because the Plaintiffs seek monetary relief over $100,000.00.

#### II. RELIEF

2.1 Plaintiffs seek only monetary relief over $200,000.00, but not more than $1,000,000.00.

#### III. PLAINTIFFS

3.1 Plaintiffs JUDITH DEEDS AND DAVID DEEDS are citizens of the State of Texas residing in Harris County, Texas.

## IV. DEFENDANTS

4.1 Defendant WHIRLPOOL CORPORATION ("WHIRLPOOL") is a Delaware corporation with its principal place of business in Benton Harbor, Michigan, doing business in the State of Texas. At all material times, Defendant WHIRLPOOL was engaged in the design, manufacture, marketing, sale, and distribution of household appliances, including the WHIRLPOOL refrigerator, Model ED2SHEXXQ00, Serial No. HR22177644, made the basis of this lawsuit. Defendant WHIRLPOOL is thus the "manufacturer" of the subject refrigerator within the meaning of TEX. CIV. PRAC. & REM. CODE §82.001(4). At some point after the manufacture, Defendant WHIRLPOOL released the subject refrigerator into commerce. By such action, Defendant WHIRLPOOL became liable under the doctrine of strict liability in tort for any defects in the subject refrigerator arising out of the design, manufacture or marketing of the subject refrigerator. Defendant WHIRLPOOL may be served with citation, process, and a copy of this petition by and through its registered agent for service of process, Corporation Services Company, d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas, 78701-3218.

4.2 Defendant SEARS ROEBUCK & COMPANY ("SEARS") is a New York corporation with its principal place of business in Hoffman Estates, Illinois, doing business in the State of Texas. At all material times, Defendant SEARS distributed or otherwise placed for commercial purposes in the stream of commerce for use the subject refrigerator made the basis of this lawsuit. Defendant SEARS is thus the "seller" of the subject refrigerator in the meaning of TEX. CIV. PRAC. & REM. CODE §82.001(3). SEARS may be served with citation, process, and a copy of this petition by and through its registered agent for service of process, CT Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas, 75201-3136.

## V. JURISDICTION AND VENUE

5.1 This Court has personal jurisdiction over the Defendants, non-residents, because the Defendants purposefully availed themselves of the privileges and benefits of conducting business in Texas by marketing, distributing, and selling the defective refrigerator that was purchased by Plaintiffs on June 18, 2012 in Harris County, Texas.

5.2 Venue in this case is proper in Harris County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE §§15.002 and 15.033, as all or a substantial part of the events or omissions giving rise to the cause of action occurred in Harris County, Texas.

## VI. FACTS

6.1 On or about June 18, 2012, Plaintiffs purchased a WHIRLPOOL side-by-side refrigerator, Model ED2SHEXXQ00, Serial No. HR22177644, at the SEARS store located at Memorial City Mall, Houston, Harris County, Texas.

6.2 On or about June 20, 2012, the subject refrigerator was delivered to the Plaintiffs' home and installed by agents and/or employees of Defendant SEARS.

6.3 On or about October 21, 2012, while walking passed the subject refrigerator in her kitchen, Plaintiff JUDITH DEEDS slipped on water that leaked from the refrigerator and onto the floor in front of the refrigerator. Plaintiff JUDITH DEEDS suffered serious bodily injuries as a result of the fall including but not limited to a crushed humerus bone, a displaced joint ball, and ruptured rotator cuff in her right arm and shoulder. JUDITH DEEDS' injuries required surgical repair including the insertion of a metal rod into the bone of her right arm and shoulder.

6.4 After the incident in question, Plaintiffs noticed that every few days water was on the floor in front of the subject refrigerator in the area where Plaintiff JUDITH DEEDS slipped

and fell, so on or about November 30, 2012, Plaintiffs called Defendant SEARS to report the water leaking from the refrigerator.

6.5 On or about December 6, 2012, Defendant SEARS sent a technician to the Plaintiffs' home to investigate the complaint of a water leak in the subject refrigerator. The technician identified the source of the leaking water as a cracked evaporator pan.

6.6 On or about December 17, 2012, Defendant SEARS, by and through its agent and/or employee removed the defective evaporator pan and installed a new evaporator pan on the subject refrigerator. Since the replacement of the defective evaporator pan, which was an original component of the refrigerator from its manufacturer, with the new evaporator pan, there has been no water leaks from the subject refrigerator.

## VII. CAUSE OF ACTION AGAINST WHIRLPOOL

### A. STRICT PRODUCT LIABILITY

7.1 The subject WHIRLPOOL refrigerator was originally designed, manufactured, sold, and placed in the stream of commence by Defendant WHIRLPOOL. At the time of the sale of the subject refrigerator, WHIRLPOOL was in the business of designing, manufacturing, and selling appliances such as the subject side-by-side refrigerator. At the time the subject refrigerator was designed, manufactured, sold, and/or placed in the stream of commence by WHIRLPOOL, it was defective and unreasonably dangerous in its design due to its defective and unreasonably dangerous evaporator pan. Additionally, the subject refrigerator was defective and unreasonably dangerous due to a lack of warning about the risk of leaks in the evaporator pan from damage caused during delivery and installation of the subject refrigerator.

7.2 The subject refrigerator was never moved after its delivery and installation by Defendant SEARS and the subject refrigerator was in the same defective condition at the time of

the incident in question as when it left the hands of WHIRLPOOL. The subject refrigerator was expected and in fact reached the user or consumer without substantial change in the condition in which it was sold. A safer alternative design was economically and technologically feasible at the time the product left the control of WHIRLPOOL that would have prevented or substantially reduced the risk of injury without substantially impairing the utility of the product.

7.3   At all times relative to the petition, WHIRLPOOL was in the business of supplying refrigerators for use in homes and businesses. WHIRLPOOL held itself out as having special expertise in the industry. As such, WHIRLPOOL owed Plaintiffs a duty to use reasonable care in the design, manufacture, preparation, testing, instructions and warnings surrounding the subject refrigerator and its components. WHIRLPOOL violated this duty by supplying a refrigerator and components that were defective.

7.4   WHIRLPOOL committed acts of omission and commission, which collectively and severally constituted negligence. These acts of negligence by WHIRLPOOL were a proximate and producing cause of the fall, and the injuries and damages of Plaintiffs. The dangers referenced herein were reasonably foreseeable and scientifically discoverable at the time of exposure.

**B.   NEGLIGENCE**

7.5   At all times relative to the petition, Defendant WHIRLPOOL was in the business of supplying refrigerators for the use in homes and businesses. Defendant WHIRLPOOL held itself out as having special expertise in the industry. As such, Defendant WHIRLPOOL owed Plaintiffs a duty to use reasonable care in the design, manufacture, preparation, testing, instructing and warnings surrounding the subject refrigerator and its components. Defendant WHIRLPOOL violated this duty by supplying a refrigerator and components that were defective.

7.6     Defendant WHIRLPOOL committed acts of omission and commission which collectively and severally, constituted negligence. These acts of negligence by Defendant WHIRLPOOL were a proximate and producing cause of the fall, and the injuries and damages of Plaintiffs.

## VIII.   INADEQUATE STANDARDS

8.1     Applicable mandatory safety standards, in any, were inadequate to protect the public from unreasonable risk of injury or damage, and Defendant WHIRLPOOL has withheld or misrepresented information or material relevant to the government's or agency's determination of adequacy of the safety standards or regulations at issue in this action.

## IX.   CAUSES OF ACTION AGAINST SEARS

### A.   NEGLIGENCE, NEGLIGENT MISREPRESENTATION AND RESPONDEAT SUPERIOR

9.1     Defendant SEARS committed acts of omission and commission, which collectively and severally constituted negligence and negligent misrepresentation, which was the proximate cause of the occurrence in question and of the Plaintiffs' injuries and damages. The actions and omissions of Defendant SEARS including failing to warn Plaintiffs of the defective condition of the subject refrigerator and/or failing to exercise reasonable care in the delivery and installation of the subject refrigerator. Such acts and omissions were negligent and such negligence was a proximate cause of the incident made the basis of this lawsuit. In particular, Defendant SEARS failed to properly identify and communicate to its customer that cracks in the plastic evaporator pan was a known defect that could cause an unreasonable risk of injury. Defendants SEARS also failed to recognize and communicate to the Plaintiffs that the subject

refrigerator was not fit for use. All of this negligence was a proximate cause of the incident and injuries and damages to Plaintiffs.

9.2     Defendant SEARS failed to properly train its employees with respect to the delivery and installation of the subject refrigerator and what conditions on the subject refrigerator can lead to or result in damage to the evaporator pan, including cracks and leaks. Defendant SEARS failed to properly train its employees with respect to the components of the subject refrigerator, proper inspection processes during and after installation, and how to determine whether and when an evaporator pan should be removed from service and replaced.

9.3     Plaintiffs specifically plead the doctrine of respondeat superior. Pursuant to the doctrine of respondeat superior, Defendant SEARS is responsible for the negligent actions of its agents and employees committed during the course and scope of employment by and for SEARS.

9.4     Defendant SEARS committed acts of omission and commission, which collectively and severally constituted negligence and negligent misrepresentation, which was the proximate cause of the occurrence in question and of the Plaintiffs' injuries and damages.

9.5     Defendant SEARS made representations to Plaintiffs that the subject refrigerator was safe, and fit for its intended use. Plaintiffs relied on these representations in the use of the subject refrigerator that later caused Plaintiffs' injuries and damages.

## X.     RES IPSA LOQUITUR

10.1    At all times relative to this petition, the subject refrigerator was in the Defendants' exclusive control, and the incident was one which ordinarily does not happen in absence of negligence. The subject refrigerator was never moved after its delivery and installation by the Defendant SEARS, and because of the design of the subject refrigerator and the location of the

evaporator pan, the Plaintiffs had no access to the evaporator pan so as to, in any way, have contributed to or proximately caused the incident in question.

## XI.   DAMAGES

11.1   As a producing, direct and proximate result of the incident, injuries, and damages for which all Defendants are liable, Plaintiffs seek and are entitled to general, special, economic and noneconomic damages, as applicable, in an amount in excess of the minimum of the jurisdictional limits of the court, as determined to be just and fair by the jury. Such damages include, but are not necessarily limited to:

    a.   Physical pain and mental anguish in the past and future;

    b.   Disfigurement in the past and future;

    c.   Physical impairment in the past and future;

    d.   Medical care in the past and future;

    e.   Loss of services;

    f.   Loss of consortium;

    g.   Loss of companionship; and

    h.   All other damages alleged by law and equity.

## XII.   PRE-JUDGMENT AND POST-JUDGMENT INTEREST

12.1   Plaintiffs seek pre-judgment and post-judgment interest as allowed by law.

## XIII.   JURY DEMAND

13.1   Plaintiffs timely request a trial by jury and have tendered the appropriate fee.

## XIV.   REQUEST FOR DISCLOSURE

14.1   Plaintiffs request defendants respond to Request for Disclosure pursuant to Texas Rule of Civil Procedure 194.

## PRAYER

WHEREFORE, Plaintiffs pray that Defendants be cited to appear and answer herein, as the law directs, and upon final hearing thereof, Plaintiffs have and recover judgment from the Defendants damages in such amounts as the evidence may show proper at the time of the trial, together with pre-judgment and post-judgment interest thereon at the maximum legal rate allowed by law, costs of court, attorney's fees, and for such other and further relief, both general and special, at law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,1

COATS ROSE YALE RYMAN & LEE

By:   */s/ Dwight E. Jefferson*
Dwight E. Jefferson
State Bar No. 10605600
djefferson@coatsrose.com
9 Greenway Plaza, Suite 110
Houston, Texas 77046-0307
Telephone:   (713) 651-0111
Facsimile:   (713) 651-0220

**ATTORNEYS FOR PLAINTIFFS,
JUDITH DEEDS AND DAVID DEEDS**